WALLER et al. v. GLASS.

(Supreme Court, Appellate Term, First Department. June 26, 1916.)

DISMISSAL AND NONSUIT ☞81(3)—SETTING ASIDE DISMISSAL AND REINSTATING CAUSE—APPLICATION—LACHES.

Where action for conversion was dismissed without prejudice, but thereafter set for trial and again dismissed for nonappearance of plaintiff, an application to reopen default, more than six years after commencement of action and nearly six years after final dismissal, should be denied for laches.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 184; Dec. Dig. ☞81(3).]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Louis Waller and others against Jacob Glass. From an order of the Municipal Court, opening plaintiff's default and setting the case for trial, defendant appeals. Reversed.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Cohen, Haas & Schimmel, of New York City (Isidore Cohen, of New York City, of counsel), for appellant.

Isidor Cohn, of New York City, for respondents.

PER CURIAM. This action was brought by plaintiffs for conversion. It was commenced in April, 1909, and adjourned from time to time, and on September 29, 1909, the plaintiffs claim that it was placed upon the reserve calendar of the Municipal Court. The record in that court showing, however, that the action had been dismissed, the plaintiffs moved on November 26, 1915, to open their default, which was granted upon payment of $10 costs. In opposition to the motion the defendant testified that after the motion was made an examination of the records in the Municipal Court disclosed that in May, 1909, there was a judgment entered in favor of defendant dismissing the complaint, with $15 costs, without prejudice to a new action. On May 28, 1909, the plaintiffs' default was opened and the trial set for June 16, 1909. Several adjournments were had up to September 20, 1909, when it was marked reserved generally. It was restored to the trial calendar on December 20, 1909, and then again dismissed for failure of the plaintiffs to appear. Since then the defendant's attorney has been elected a Municipal Court Justice, and upon application to him he could find no papers relating to the matter and had no definite recollection of the facts. The application to open plaintiffs' default under such circumstances should have been denied. Over six years had elapsed since the action had first commenced, and nearly six years since the action was finally dismissed. During this time the plaintiffs made no attempt to revive the action and are clearly guilty of laches.

Order reversed, with $10 costs.